REQUESTED BY: Allen J. Curtis, Director Nebraska Commission on Law Enforcement and Criminal Justice
You have asked whether law enforcement agencies are restricted by Neb. Rev. Stat. § 29-3523, a section within the Security, Privacy, and Dissemination of Criminal History Act, from releasing arrest data that is older than one year under the following scenarios: (1) where prosecution is ultimately declined or where no charges have been filed, (2) where the case has been dismissed, and (3) where the accused has entered pretrial diversion.
The first paragraph of the statute reads as follows:
 That part of criminal history record information consisting of a notation of an arrest, when after an interval of one year active prosecution is neither completed nor pending, shall not be disseminated to persons other than criminal justice agencies except when the subject of the record:
 (1) Is currently the subject of prosecution or correctional control as the result of a separate arrest;
 (2) Is currently an announced candidate for or holder of public office;
 (3) Has made a notarized request for the release of such record to a specific person; or
 (4) Is kept unidentified, and the record is used for purposes of surveying or summarizing individual or collective law enforcement agency activity or practices, or the dissemination is requested consisting only of release of criminal history record information showing (a) dates of arrests, (b) reasons for arrests, and (c) the nature of the dispositions including, but not limited to reasons for not prosecuting the case or cases.
The introducer of the bill indicated that the intent was to protect persons from the stigmatizing assumption of guilt from the fact that such persons may have been arrested. The goal was to avoid damaging disclosure of stale arrest records; that is, those where active prosecution was not pending and where the charge was not resolved by conviction or acquittal within one year of the arrest.
The section creates an exception to the Act's provision that criminal history record information is to be accurate, complete and a matter of public record, available to anyone. See Neb. Rev. Stat. §§ 29-3520, 29-3516 and 29-3517 (1995).
1. Where prosecution is declined or no charges are filed.
We believe your interpretation of the non-dissemination provision is a reasonable one; that unless it fits in one of the exceptions listed in the statute, public dissemination of arrest information which is at least one year old is impermissible where prosecution has been declined or where no charges have been filed.
2. Where the charge or charges have been dismissed.
We also agree with your view that release is not restricted where the case was ultimately disposed of by dismissal. Although prosecution is no longer pending, it was "completed" by the dismissal. The disseminated criminal history information should, of course, include a notation of the dismissal, thereby eliminating the concern about an assumption of guilt which might otherwise flow from a record which only shows the arrest.
3. Where pretrial diversion is employed.
The statutes authorizing pretrial diversion are found in Neb. Rev. Stat. §§ 29-3601 et seq. (1995). Pretrial diversion occurs prior to an adjudication but after arrest and a decision has been made by the prosecutor that the offense will support criminal charges. Successful completion of the diversion process results in dismissal of charges or its equivalent. Neb. Rev. Stat. § 29-3601.
We assume your question relates to situations where the individual is still in the diversion process at the one year anniversary from the date of arrest. It seems to us that one must conclude either that active prosecution has been completed by the assignment to pretrial diversion or that the prosecution is still pending because of the possibility that the individual may not satisfactorily complete the diversion process. Either way, it would not fit within the non-dissemination exception to the policy favoring disclosure of criminal history record information.
Again, we trust that the disposition, which in this scenario is "pretrial diversion," will be recorded on the criminal history record. But if for some reason that is not the case, please let us know so that we may reconsider the question.
Sincerely,
 DON STENBERG Attorney General
 Mark D. Starr Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General